**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Elrekiko KING, Defendant–Appellant.**

No. 03–61008.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided June 22, 2004.

Charles Wiley Spillers, Assistant U.S. Attorney, Oxford, MS, for Plaintiff–Appellee.

Elrekiko King, Eglin AFB, FL, pro se.

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Elrekiko King appeals the sentence imposed following his guilty plea to conspiracy to possess with intent to distribute marijuana. We affirm.

We reject King's contention that the district court plainly erred in determining the relevant drug quantity; the district court was not bound by the quantity of drugs mentioned in the indictment, insofar as quantities of drugs not specified in the count of conviction may be considered as relevant conduct for purposes of determining the offense level. *See United States v. Sarasti,* 869 F.2d 805, 806–07 (5th Cir.1989); U.S.S.G. § 2D1.1, comment. (n.12) (2002).

We hold that the extent of the district court's downward departure was not plainly erroneous. *See United States v. Vasquez,* 216 F.3d 456, 459 (5th Cir.2000); *United States v. Lemons,* 941 F.2d 309, 320 (5th Cir.1991). We further hold that King's criminal history was accurately represented in the Presentence Report; his criminal history score reflects no prior convictions.

Insofar as King contends that the district court should have ordered that he receive substance abuse treatment while incarcerated, the decision whether a prisoner receives treatment for substance abuse is left to the discretion of the Bureau of Prisons, and, therefore, it was beyond the district court's authority to order his participation in a drug treatment program while incarcerated. *See* 18 U.S.C. § 3621(b).

AFFIRMED.

---

* Pursuant to 5th Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cɪʀ. R. 47.5.4.